# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JYAN HARRIS,<br><br>**Plaintiff,**<br><br>v.<br><br>CITY OF KANSAS CITY, KS FIRE DEPARTMENT, ET AL.,<br><br>**Defendants.** | Case No. 18-CV-2084-JAR-GEB |

## MEMORANDUM AND ORDER

Plaintiff Jyan Harris brings retaliation and discrimination claims under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act against Defendants City of Kansas City, KS Fire Department, Unified Government of Wyandotte County/Kansas City, KS, and IAFF Local 64 ("Local 64"). This matter comes before the Court on Plaintiff's Motion for Default Judgment (Doc. 11), Defendant Local 64's Response to the Court's Order to Show Cause (Doc. 15), and Defendant Local 64's Motion for Leave to File Answer Out of Time (Doc. 16). These matters are fully briefed and the Court is prepared to rule. For the reasons explained below, the Court denies Plaintiff's motion for default judgment and grants Defendant Local 64's motion for leave to file answer out of time.

**I.    Factual and Procedural Background**

Plaintiff filed his Complaint on February 19, 2018. Relevant to this matter, he alleged Defendant Local 64 failed to adequately represent him in his employment proceedings or protect him from discrimination and harassment because of his race. Plaintiff executed service of the

Complaint and summons on Defendant Local 64 on May 22, 2018.[1] Accordingly, pursuant to the twenty-one-day window under Fed. R. Civ. P. 12(a)(1)(A)(i) for filing an answer after service of process, Defendant Local 64 was required to file an answer by no later than June 12, 2018. Defendant did not file an answer by June 12, 2018. Plaintiff filed a return of service on June 18, 2018.[2] On June 26, 2018, Plaintiff filed his motion for default judgment. Defendant filed an answer later the same day.

This Court entered an order on July 18, 2018 directing Defendant to show good cause why the answer should not be stricken and why Plaintiff's motion for default judgment should not be granted. Defendant's counsel filed a response to the order to show cause on July 20, 2018, in which he stated that the answer was not timely filed because Defendant was unaware of the date on which process was served, and thus defense counsel was relying on the docket sheet to determine the service date.[3] Defendant's counsel contended that because the return of service was filed after the answer due date, Defendant did not learn of the service date until after the answer was due.[4] Defendant also filed a motion for leave to file his answer out of time on July 20, 2018, in which he made many of the same arguments he made in his response to the order to show cause.[5]

II. Discussion

The Court directed Defendant to show good cause why its out-of-time answer should not be stricken and why default judgment should not be entered on behalf of Plaintiff. Defendant

---

[1]Doc. 9.
[2]*Id.*
[3]Doc. 15 at 2–3.
[4]*Id.*
[5]Doc. 16.

responded by referencing the good cause standard under Fed. R. Civ. P. 55(c) for setting aside an entry of default.[6] Although an entry of default has not been entered in this case, the Court construes Plaintiff's motion for default judgment as both an application for clerk's entry of default and a motion for default judgment.[7] Thus, the Court will apply the Rule 55(c) good cause standard in analyzing Defendant's response to the motion for default judgment and the Court's order to show cause. Under Rule 55(c), courts principally look to the following factors in determining whether good cause exists: (1) whether the default was the result of culpable conduct by the defendant; (2) whether the plaintiff would be prejudiced by setting aside the default; and (3) whether the defendant presents a meritorious defense.[8] "These factors are not 'talismanic' and the court may consider other factors."[9]

Defendant also moves for leave to file its answer out of time under Fed. R. Civ. P. 6(b)(1)(B). Under Rule 6(b)(1)(B), a court may excuse a party's failure to act within a specified time "if the party failed to act because of excusable neglect." In determining whether the failure to act was the product of excusable neglect, courts look to the following non-exhaustive list of factors: "[1] the danger of prejudice to the [nonmoving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith."[10] The "good cause" that must be shown under Rule 55(c) to set aside an entry of default is a less

---

[6]Doc. 15 at 3.

[7]*See* Doc. 14 at 1 n.1 ("The Court construes Plaintiff's motion for default judgment as an application for clerk's entry of default and a motion for default judgment.").

[8]*Hunt v. Ford Motor Co.*, 65 F.3d 178 (Table), No. 94-3054, 1995 WL 523646, at *3 (10th Cir. 1995); *Scott v. Power Plant Maint. Specialists, Inc.*, No. 09-CV-2591-KHV, 2010 WL 1881058, at *4 n.2 (D. Kan. May 10, 2010) (citing *Clelland v. Gines*, No. 02-2223-KHV, 2003 WL 21105084, at *3 (D. Kan. Apr. 11, 2003)).

[9]*Hunt*, 1995 WL 523646, at *3 (citing *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992)).

[10]*United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

exacting standard than the "excusable neglect" required for relief from a default judgment under Rule 60(b) or for an extension of a missed deadline under Rule 6(b)(1)(B).[11]  Accordingly, the Court will first determine whether Defendant has shown "excusable neglect" for failing to timely answer before assessing whether he has shown "good cause" for halting entry of the default judgment.[12]

### A. Motion for Leave to File Out of Time

#### 1. Prejudice to Plaintiff

The first factor the Court looks to in determining whether Defendant's failure to timely answer was the result of excusable neglect is the degree of prejudice to Plaintiff.  As Defendant notes, discovery in this case has not commenced and the initial scheduling conference has yet to be held.  Defendant's failure to timely answer did prejudice Plaintiff insofar as Plaintiff was compelled to file a motion for default judgment.  But the Court finds that the total effect of the prejudice on Plaintiff as a result of Defendant's default is light at this stage of the litigation.  Thus, this factor weighs in favor of granting Defendant leave to answer out of time.

#### 2. Length of Delay

Defendant's deadline to file an answer was June 12, 2018.  Defendant did not file its answer until June 26, 2018, a delay of fourteen days.  Although there is no definitive timeframe for measuring when a delay becomes too lengthy for purposes of a motion for leave to file out of time, this Court has previously held that a delay of less than two months was "relatively

---

[11] *Dennis Garberg & Assocs., Inc. v. Pack-Tech Intl'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997) ("[I]t is well established that the good cause required by Fed. R. Civ. P. 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P. 60(b)."); *Scott*, 2010 WL 1881058, at *4 n.3 (noting that Tenth Circuit construes "excusable neglect" standards under Rules 60(b) and 6(b) similarly).

[12] *See Scott*, 2010 WL 1881058, at *4 (addressing defendant's "good cause" arguments and plaintiff's motions for default judgment after "excusable neglect" arguments and defendant's motion for leave to file answer out of time because "excusable neglect" is a higher standard than "good cause" under Rule 55(c)).

4

innocuous."[13] Additionally, as explained above, a scheduling order has not yet been entered, so the delay will have a relatively minimal impact on this litigation. Accordingly, this factor weighs in favor of granting Defendant leave to answer out of time.

   3.   **Reason for Delay**

The third factor in the Court's analysis focuses on the reason for the delay and whether it was within Defendant's reasonable control. Defendant contends that the reason for the delay here was "counsel's inability to determine the precise date on which the Union was served with process."[14] As a result of this lack of knowledge as to the service date, counsel periodically checked the docket sheet to see if Plaintiff had filed the return of service, at which time he would learn the service date and determine the answer deadline.

Notwithstanding the curious inability of Defendant to determine when it was served, the Court is not entirely convinced that the ability to determine the answer deadline or to timely file an answer was outside Defendant's reasonable control. Defendant repeatedly states in its briefings that it was unable to determine "the precise date of service of process."[15] This suggests Defendant was aware—before the answer deadline passed—that it had been served with process, but that it could not determine the exact date it was served. If Defendant knew it had been served, it could have reached out to Plaintiff to inquire of the service date, or it could have filed an answer without waiting for the filing of the return of service to determine its answer deadline. Certainly, the circumstances Defendant presents to the Court suggest that Defendant might have met its answer deadline if Plaintiff had promptly filed the return of service before Defendant's

---

[13]*Id.* at *3 (citing *Welch v. Centex Home Equity Co., LLC*, No. 03-2132-JWL-DJW, 2004 WL 2348295, at *1 (D. Kan. Apr. 23, 2004)).

[14]Doc. 16 at 3.

[15]Doc. 15 at 2; Doc. 16 at 3.

5

answer deadline passed.  But the Court is unwilling to accept Defendant's suggestion that timely filing an answer was completely outside its reasonable control based on the information it had.  Thus, although the Court acknowledges Defendant's difficulty in determining its answer deadline, the Court finds this factor does not weigh in favor of granting Defendant leave to file its answer out of time.

    **4.**    **Good Faith**

In weighing the final factor, the Court looks to whether Defendant acted in good faith.  As Defendant notes, it filed an answer the same day Plaintiff filed his motion for default judgment.  Although Defendant did not seek leave before filing the untimely answer, Defendant has requested leave to file its answer out of time in the present motion.  Defendant also promptly responded to the Court's order to show cause.  Accordingly, the Court finds Defendant has acted in good faith following its failure to timely answer.  This factor therefore weighs in favor of granting Defendant leave to answer out of time.

In sum, three of the four factors discussed above weigh in favor of granting Defendant leave to file its answer out of time.  Furthermore, while Defendant's reason for the untimely answer is not entirely convincing, it also does not overwhelm the combined weight of the other factors.  Because granting leave will not unduly prejudice Plaintiff or interfere with these proceedings, and because Defendant has acted in good faith, the Court grants Defendant's motion for leave to file its answer out of time.

    **B.**    **Motion for Default Judgment and Order to Show Cause**

As explained above, the standard for "good cause" for setting aside default under Rule 55(c) is lower than the threshold for "excusable neglect" under Rule 6(b).  Because the Court finds that Defendant has met the required showing of "excusable neglect" for failing to timely

answer, the Court concludes that Defendant meets the "good cause" standard required under Rule 55(c).[16] Accordingly, for substantially the same reasons as set forth above, the Court denies Plaintiff's motion for default judgment.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant IAFF Local 64's Motion for Leave to File Answer Out of Time (Doc. 16) is **granted**. The Court will consider Defendant's Answer that is already on file.

**IT IS FURTHHER ORDERED BY THE COURT** that Plaintiff Jyan Harris's Motion for Default Judgment (Doc. 11) is **denied**.

**IT IS SO ORDERED.**

Dated: August 16, 2018

                                       S/ Julie A. Robinson
                                       JULIE A. ROBINSON
                                       CHIEF UNITED STATES DISTRICT JUDGE

---

[16] *See Scott*, 2010 WL 1881058, at *4 (finding defendant met "good cause" standard under Rule 55(c) based on court's findings that defendant met "excusable neglect" standard under Rule 6(b)).